MICHAEL A. CATOGGIO et al., appellees,

*v.*

ERNST REHM et ux., appellants.

[Argued March 4th, 1914.   Decided June 15th, 1914.]

A grantor conveyed a tract of land on the corner of Twelfth and Garden Streets with a covenant reserved that the grantees, their heirs or assigns should erect no other than a brick or stone dwelling-house not less than three stories high on the said land fronting on Twelfth Street. At the time of the deed the entire Garden Street frontage of twenty-five feet was occupied by a store building. There was an L-shaped portion in the rear, separable into a back yard for the store property and a building lot on Twelfth Street, and a dwelling was afterward built on the latter.—*Held,* that the remaining vacant land was to be considered for the purposes of the covenant as fronting on Twelfth Street, and that the erection of buildings thereon for business purposes, and fronting on Twelfth Street, was properly enjoined.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Garrison.

*Mr. William S. Stuhr,* for the. appellants.

*Mr. J. W. Rufus Besson,* for the appellees.

The opinion of the court was delivered by

PARKER, J.

This is an appeal from a decree of the court of chancery enjoining the violation of a building covenant.   The appellants maintain that the covenant has not been violated.

Prior to 1891 the Hoboken Land and Improvement Company owned a tract of land at Hoboken, mapped into blocks and lots, and of which the block wherein the premises in question are

situate formed a part. In that year said company conveyed to one Frank, without referring to said map in any way, an L-shaped tract on the southeasterly corner of Garden and Twelfth Streets, by the following description:

"Commencing at the corner formed by the intersection of the easterly line of Garden Street with the southerly line of Twelfth Street, and running thence southerly and along the easterly line of Garden Street 25 feet; thence easterly and parallel with Twelfth Street 75 feet; thence southerly and parallel with Garden Street 25 feet; thence easterly and parallel with Twelfth Street 25 feet; thence northerly and parallel with Garden Street 50 feet to Twelfth Street; and thence westerly along the southerly line of Twelfth Street 100 feet to the point or place of beginning."

This deed contained the following covenant, viz.:

"It is covenanted and agreed by the parties of the second part that they, their heirs and assigns, shall erect no other than a brick or stone dwelling-house not less than three stories high on the said land fronting on Twelfth Street aforesaid."

At the time the deed above mentioned was made there was standing on the lot fronting on Garden Street a four-story building occupying the full width of the lot on Garden Street, and running back along Twelfth Street about fifty feet. By mesne conveyances the title to the land fronting on Garden Street, twenty-five feet wide and eighty feet deep (five feet of said depth being a part of the lot of land fronting on Twelfth Street), became vested in the defendants, and the remainder of said land, fronting on Twelfth Street, being twenty feet wide and fifty feet deep, by mesne conveyances became vested in the complainant Catoggio. Such was the situation at the time of filing the bill, the defendants' building being used for mercantile purposes; and on the part owned by complainant, stood a three-story brick dwelling-house. Defendants had begun the erection on their rear land of a one-story building intended for store purposes, fronting on Twelfth Street. This was stopped by the final decree of the court of chancery, directing an injunction restraining the defendants from keeping or maintaining on the land in question

"the building erected by them thereon, and requiring the said defendants to remove the same forthwith."

The question whether Catoggio is entitled to enforce the covenant as a subsequent grantee of part of the original tract was stirred at the argument, but need not be considered, because the land company as the original covenantee was upon its own petition admitted as complainant.

It was admitted at the hearing below that the contemplated building was twenty feet wide on Twelfth Street, extending from the rear of defendants' original store property, and it is found by the vice-chancellor as a fact, and not disputed here, that this building is intended for use as a store with an entrance fronting on Twelfth Street.

The principal, if not the only argument made in attack on the decree before us, is that the language of the covenant shows that it was intended to apply to the land fronting on Twelfth Street and not to a building fronting thereon, but situate on land having its natural front on Garden Street. In support of this it is urged that the land company's map shows two lots, a corner lot on Garden Street twenty-five by seventy-five feet, and a "butt" lot on Twelfth Street twenty-five by fifty feet; and that this layout was adopted by the city and the property has been so taxed and assessed.

We are not concerned with the city's division of the property, nor even with the land company's map, because, as already mentioned, that company conveyed all the property as one continuous tract and without reference to any map. In all probability this was intentional. Taken in connection with the language of the covenant, and with the fact that the L-shaped tract was sold with a building which covered the whole Garden Street frontage already on it and which was used or usable for mercantile purposes, the reasonable meaning of the covenant is that no building should be erected on the vacant part of the tract except one of the character specified, *i. e.,* a three-story brick or stone dwelling.

When the right to relief on a covenant of this kind is doubtful, such relief will be denied. *Underwood* v. *Herman & Co.,* *82 N.*

*J. Eq. 353.* But we think there is in the case at bar no doubt about the right to relief. The only doubt is whether the clause "fronting on Twelfth Street" is referable to the building or the land as an antecedent. In our view it makes no difference. If referable to the building, the case is plain; if to the land, we consider that as the entire frontage of Garden Street was occupied at the time of the original deed, the remaining vacant land had no frontage save on Twelfth Street, and that the intent to exclude from said land any buildings except of the permitted class was clear.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER—10.

*For reversal*—None.